# ATTACHMENT B

1. All records relating to violations of 18 U.S.C. § 542 (entry of goods by false statements), 18 U.S.C. § 545 (smuggling of goods into the U.S.), 18 U.S.C. § 371 (conspiracy), § 560.201 of the ITR (31 C.F.R. part 560), and regulations issued pursuant to the Emergency Economic Powers Act ("IEEPA") (codified at Title 50, United States Code), in any form and wherever they may be stored or found at 70 Molly's Point Road, Southport, Maine, including:

  a. invoices, customs paperwork/declarations, and other documentation pertaining to the importation of antiquities and/or items of cultural property;

  b. invoices, customs paperwork/declarations, and other documentation pertaining to the importation of antiquities and/or items of cultural property originating from civilizations of ancient Iran or Iraq;

  c. any documentation detailing the specific provenance, prior ownership, or cultural origin of the items of cultural property;

  d. all documents and/or communication, written or electronic, between occupants of the PREMISES and AtticArt and/or Artemission, and Patricia and/or Antoine Karawani;

  e. books, records, receipts, ledgers, notes, and bank and payment records related to the purchase or sale of antiquities and cultural property;

  f. records or information relating to the occupancy or ownership of 70 Molly's Point Road, Southport, Maine.

2. Any computers or electronic media that were or may have been used as a means to commit the offenses described on the warrant, including the entry of goods by false statements, the smuggling of goods into the United States, conspiracy, and violations of the ITR, in violation of Title 18, United States Code, Sections 542, 545, 371, § 560.201 of the ITR (31 C.F.R. part 560), and the IEEPA, among other statutes.

3. For any computer or storage medium whose seizure is otherwise authorized by this warrant, and any computer or storage medium that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter, "COMPUTER"):

   a. evidence of who used, owned, or controlled the COMPUTER at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

   b. evidence of software that would allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

   c. evidence of the lack of such malicious software;

   d. evidence indicating how and when the computer was accessed or used to determine the chronological context of computer access, use, and events relating to crime under investigation and to the computer user;

   e. evidence indicating the computer user's state of mind as it relates to the crime under investigation;

   f. evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

   g. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the COMPUTER;

   h. evidence of the times the COMPUTER was used;

   i. passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

   j. documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

   k. contextual information necessary to understand the evidence described in this attachment.

4. Records and things evidencing the use of the internet, including:

   a. routers, modems, and network equipment used to connect computers to the internet;

   b. records of Internet Protocol addresses used;

   c. records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing, drawing, painting); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

The term "cultural property" and "antiquities" includes movable possessions that were made, produced, sculpted, written or drawn by man and that appear to be more than 250 years old.

The term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions, including desktop computers, notebook computers, mobile phones, tablets, server computers, and network hardware.

The term "storage medium" includes any physical object upon which computer data can be recorded. Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical media.